Judge Robertson
delivered the opinion of the Court.
Isr 1810, John M'Gee died, having published his will, of which Michael Rench was the executor, and in which, among other things, he devised a negro man, George, to an infant son, remainder to all his children,if the devisee should die before He should reach twenty one years of age; directed that his minor children should be reared and educated out of his estate.
William M£Gee, the devisee, had the use and possession of George several years, and until his death, which happened before he attained twenty one.
The surviving heirs and devisees of John M‘Gee, entitled to George, either by the will, or as heirs of William, united in a request to Rench, to sell George for their benefit, as his value could not be otherwise distributed among them. He sold George accordingly and one of the heirs and devisees, (the appellant, Cart-mei) purchased him, and gave his note to Rench, for the price. He paid some ofhis co-heirs, their distributive shares of the price; and on the presentation of their orders to Rench, credits for the payments were *119 endorsed on the note. He had, at the request of thé other heirs and devisess, or the executor, (it does not appear which) boarded one of the infant sons of John M‘Gee, for which he was, by agreement, to receive $> 150 in specie and $169 in commonwealth’s paper, was endorsed as a credit, on the note, for his board.
Cox and wife filed their bill in chancery, claiming the share of the wife, (who was one of JohnM‘Gee’s devisees,) in the proceeds of George’s sale. They made Rench aud their co-heirs, defendants.
On the final hearing, the circuit court disallowed the credit for $>169; and decreed the amount of the note, with interest due, after deducting the other credits endorsed, to be paid by Rench, to the heirs respectively, in their proper proportions; and on the cross bill of Rench against Cartmel, decreed, that Cartmel should pay the amount due on the note, to Rench.
Two objections are made to this decree, by the appellant. 1st. That the court had no jurisdiction» 2d. That the credit for $>169, ought to have been allowed.
We have no doubt that the chancellor had jurisdiction. If the claimant’s of George, held him by the will of John M'Gee, the jurisdiction of the chancellor could not be questioned. The will devises George to them on a contingency; and it occurred.
But if they held, as heirs of William M‘Gee, a court of chancery was the the most suitable one for the distribution and settlement' of the price of George. No one of the claimant’s could have maintained an action at law, for his distributive share. The note was executed to Rench as executor. It ■was proper to file a bill for an account, among all who were interested. -
And in this suit, it was allowable for Rench to file a cross bill against Cartmel, to adjust the credits. The court having possession of the case, should settle the rights of all the. parties finally. Besides, it would have been difficult to dispose of the credit of $169, in a court of law. It had been endorsed by Rench. He could not erase it, or refuse to allow it. *120 The only mode of adjusting it, was for the chancellor to bring before him, all who were interested in it, and by whose authority, express or implied, it had been endorsed;
Hardin, for plaintiff, Chapeze, for defendant;
But the court erred in refusing to allow the credit for the $169.
I’he will of John M‘Gee and the answer of Cart-mel, (which was read as a deposition by the counsel of all the parties,) shew clearly, that the other devi-sees and heirs, were bound to pay Cartmel that sum at least. This cannot be disputed. Why not allow a credit for it in this suit? Why must a separate suit be brought? We can imagine no reason why the credit should not be allowed now.
The case, howevef, is not well prepared for the appropriate decree. Cartmel ought to have made his answer a cross bill against his co-heirs and devi-sees, and prayed for a decree against them for whatever he shall be entitled to, as credits. And then a final decree could be rendered, which would conclude all the parties, and prevent any farther litigation.
The decree for the balance due oh the note, should be against Cartmel, and not'against Rench, unless he has been guilty of a breach of duty, or of negligence, •Which would subject him to a personal liability. He acted, it seems, only as the agent and umpire of the parties. He is not responsible as executor. He did not sell as executor. He had no authority to do so.-
The decree is reversed, and the cause remanded for proceedings conformable to this opinion: and as errors have been committed by Cartmel, in the preparation of the case, for the proper decree in his favor.
It is, therefore, adjudged and decreed, that he, and Cox, the complainant below, pay the cost of the appeal in this court, each paying one half, and also the feosts in the circuit court, in the same proportion.